United States District Court
Southern District of Texas
**ENTERED**
March 07, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| PRICILLA RIOJAS INDIVIDUALLY AND AS NEXT FRIEND OF B.G., A MINOR, AND EMMANUEL GAYTAN | § § § § |
| VS. | §   CIVIL ACTION NO. 5:24-CV-49 |
| CONTRACT FRIEGHTERS, INC. D/B/A CFI AND BRIAN WESTFALL | § § § § |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Before the Court for proposed approval is the settlement of the claims for Minor Plaintiff B.G. (Dkt. No. 14). The Court appointed attorney Jose Luis Castillo, as guardian ad litem for minor Plaintiff B.G. (Dkt. No. 19). A hearing was held on the proposed settlement on March 3, 2025. (Min. Entry March. 3, 2025). For the reasons stated below, the Court **RECOMMENDS** that the District Court **APPROVE** the proposed settlement as it pertains to the minor Plaintiff B.G.

## I.   BACKGROUND

On January 23, 2024, Plaintiff Pricilla Riojas ("Plaintiff Riojas"), individually and as next friend of minor plaintiff B.G., and Plaintiff Emmanuel Gaytan filed this suit in the 341st Judicial District Court in Webb County, Texas. (Dkt. No. 1-1 at 3). In the original petition, Plaintiffs alleged that their vehicle was struck by Defendant Brian Westfall's tractor truck which he was operating during the course and scope of his employment with Defendant Contract Freighters, Inc. d/b/a CFI. (Dkt No. 1-1 at 7–8). On March 11, 2024, Defendants removed the case to this court. (Dkt. No. 1). On

December 23, 2024, the parties filed a joint advisory notifying the Court that the parties resolved the case and have reached full settlement. (Dkt. No. 14).

## II.  LEGAL STANDARD

A district court has the "inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Del Bosque v. AT&T Advert., L.P.*, 441 Fed. App'x 258, 260 (5th Cir. 2011) (quoting *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994)). When determining whether a proposed settlement should be approved, courts should evaluate whether the "proposed settlement is . . . 'fair, adequate, and reasonable and . . . not the product of collusion between the parties.'" *Newby v. Enron Corp.*, 394 F.3d 296, 301 (5th Cir. 2004) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

## III.  DISCUSSION

At the March 3, 2025, hearing, the parties presented a proposed Compromise Settlement and Indemnity Agreement and Release, (Dkt. No. 22-1), and Settlement Statement. (Dkt. No. 22-2). The settlement Statement provides a breakdown of the funds being distributed among the Plaintiffs. (*Id.* at 1). As provided by the settlement statement and statements made by the parties, minor Plaintiff B.G. would receive $7,500 to be deposited into an interest-bearing Uniform Transfers to Minors Act (UTMA) account until minor Plaintiff reaches the age of 18. (Dkt. No. 22-2; hrg. at 2:00:20–2:00:30). No fees or expenses are to be deducted from minor Plaintiff B.G.'s portion of the settlement. (Dkt. No. 22-2 at 1; hrg. at 2:00:30–2:00:44).

The guardian ad litem explained that minor Plaintiff was in good health

following the accident. (Hrg, at 2:02:15–2:02:25). He further explained that he believed that the proposed settlement terms are fair and reasonable. (Hrg. at 2:02:28–2:02:34). He explained that he believed that the settlement was in the minor Plaintiff's best interest. (Hrg. at 2:02:34–2:02:38). The guardian ad litem recommended that the Court accept the parties' proposed settlement agreement. (Hrg. at 2:01:40–2:01:55). Plaintiff Riojas testified that she seeks approval of the settlement agreement on behalf of minor Plaintiff. (Hrg. at 2:05:52–2:07:07). She testified that she understood that she has a right to a jury trial and agrees that settlement is in the best interest of the minor Plaintiff B.G. (Hrg. at 2:05:52–2:06:04). She testified that she understood that the $7,500 apportioned to minor Plaintiff will be set aside for minor Plaintiff's sole benefit. (Hrg. at 2:06:55–2:07:03). She testified that she is satisfied with her attorney's representation on the matter. (Hrg. at 2:07:20–2:07:25).

After independent review of the proposed Compromise Settlement and Indemnity Agreement and Release, (Dkt. No. 22-1), Settlement Statement, (Dkt. No. 22-2), Report of Guardian Ad Litem, (Dkt. No. 21), Plaintiff's Memorandum in Support of Approval of Minor Plaintiff's Claims, (Dkt. No. 22), and the representations made at the hearing, the Undersigned **FINDS** that the proposed settlement agreement is fair, reasonable, and is in the minor Plaintiff's best interests. The Undersigned further **FINDS** that the guardian ad litem's report is accurate. Additionally, the Undersigned **FINDS** that placing the minor Plaintiff's Settlement into an interesting earning irrevocable UTMA account is in the best interest of minor

Plaintiff B.G. Finally, the Undersigned **FINDS** that the amount of $1,500.00 is reasonable and necessary to compensate Mr. Castillo for his services as guardian ad litem for minor Plaintiff B.G.[1]

For the foregoing reasons, the Undersigned **RECOMMENDS** the District Court **APPROVE** the proposed settlement agreement as it pertains to minor Plaintiff B.G. The Undersigned further **RECOMMENDS** that the District Court **DISCHARGE** Mr. Castillo from his duties as guardian ad litem. Additionally, the Undersigned **RECOMMENDS** that the District Court **ORDER** that Mr. Castillo be paid a fee in the amount of $1,500.00 as reasonable and necessary fees and expenses incurred by him, to be assessed as taxable costs of court against Defendants.

## IV.   PARTIES' WAIVER OF OBJECTIONS AND REQUEST TO ADOPT THIS REPORT

At the close of the hearing, Plaintiff Riojas, the minor Plaintiff, and Defendants, through their counsel and guardian ad litem, waived their right to object to this Report and Recommendation and requested that the District Court accept the findings and recommendations in this report. (Hrg. at 2:11:10–2:12:40). Therefore, the District Court may act on this Report immediately.

(signature on next page)

---

[1] Defendants explained that it would be responsible for any fees or expenses incurred by Mr. Castillo for performance of his duties as guardian ad litem. (Hrg. at 2:08:30–2:08:50). Defendants' counsel stated that Defendants agreed that $1,500 was fair and reasonable. (*Id.*).

5

**SIGNED** this 7th day of March, 2025.

                                                Christopher dos Santos
                                              United States Magistrate Judge